**OLD COLONY TRUST CO. et al. v. UNION LAND & CATTLE CO. et al.**

(Circuit Court of Appeals, Ninth Circuit. March 23, 1925.)

No. 4409.

Receivers ⬤⟖96—Appointment of attorneys for owner of property in hands of receiver and of certain creditors as attorneys for receiver held abuse of court's discretion.

Where interests of corporation in hands of receiver and certain creditors were in serious conflict with interest of intervening creditors, it was abuse of court's discretion to authorize receiver to employ attorneys of such corporation and creditors.

Appeal from the District Court of the United States for the District of Nevada; Edward S. Farrington, Judge.

Controversy between the Old Colony Trust Company and others and the Union Land & Cattle Company, W. T. Smith, its receiver, and others. From an order awarding attorney's fees to J. W. Dorsey and another, the Old Colony Trust Company and others appeal. Reversed.

See, also, 2 F.(2d) 407.

McCutchen, Olney, Mannon & Greene, Warren Olney, Jr., J. M. Mannon, Jr., A. Crawford Greene, and John F. Cassell, all of San Francisco, Cal., and Thatcher & Woodburn and George B. Thatcher, all of Reno, Nev., for appellants.

J. W. Dorsey and W. E. Cashman, both of San Francisco, Cal., and S. W. Belford and Geo. S. Brown, both of Reno, Nev., for appellees.

Before ROSS, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge. Appellants, Old Colony Trust Company and other banks, unsecured creditors in large amounts of appellee Union Land & Cattle Company, appeal from an order of the District Court, made August 4, 1924, awarding $2,500 as attorney's fees to Messrs. J. W. Dorsey and W. E. Cashman for legal services said to have been rendered by them to W. T. Smith, receiver of the Union Land & Cattle Company, in connection with an action instituted in 1920 and then pending in the United States District Court in Nevada, wherein the First National Bank of San Francisco was complainant, against the Union Land & Cattle Company, a corporation, defendant. In that action Smith was appointed receiver, and Messrs. Brown & Belford were appointed attorneys for the receiver. The receivership has continued, and Messrs. Brown

4 F.(2d)—29

& Belford have continued to act as the receiver's attorneys. Messrs. Dorsey & Cashman were awarded the $2,500 referred to for services which it is said were rendered in connection with three appeals, which were prosecuted to this court from orders made in the receivership proceedings in 1923, in which the defendant Union Land & Cattle Company and the receiver were appellees. A full history of the cases will be found in First Federal Trust Co. et al. v. Bank (C. C. A.) 297 F. 353.

One of the appeals was by the First Federal Trust Company, Clark as trustee under a deed of trust made by the Union Land & Cattle Company in 1916, from an order of the District Court made November 2, 1923, denying its petition for leave to intervene in the receivership proceedings. This court affirmed the judgment of the District Court. Another appeal was by the appellants herein, Old Colony Trust Company and certain banks, and by the complainant in the receivership action, First National Bank of San Francisco, from an order denying the petition for an order permitting those who are appellants herein to intervene in the receivership proceedings, and denying their petition for an order directing liquidation and sale of the assets of the cattle company. This court, in modification of the order of the District Court, directed the District Court to allow the banks to intervene in the receivership action, and directed the lower court to proceed with liquidation. The other appeal to this court was by these appellants and by the complainant from an order granting the petition of the receiver for leave to invest certain sums in live stock, and, if necessary, to borrow money for that purpose and to issue receiver's certificates. This court reversed the order of the District Court and directed the receiver to make no further capital investments. Thereafter the receiver applied to the District Court for instructions with respect to how he should proceed in liquidation, and at about the same time petitioned for an order ratifying and authorizing payment of approximately $10,000 on account of the purchase of the so-called Lesher lands, more particularly referred to in the appeal in Old Colony Trust Co. et al. v. Union Land & Cattle Co. (No. 4410) 4 F.(2d) 451.

In June, 1924, Messrs. Dorsey & Cashman by petition in the receivership proceedings, prayed for an order authorizing the receiver to repay certain moneys advanced by them for the benefit of the cattle company, its creditors, and all interested in the

matter of the receivership, from May, 1923, to May, 1924, inclusive, and for compensation for professional services as attorneys for the cattle company, and as special counsel for the receiver and the interests of the cattle company and its creditors and others concerned, and in protecting the properties in the hands of the receiver from spoliation, waste, and destruction; also for compensation in connection with appeals from orders in the enumerated matters. After hearings upon the three petitions above referred to, the District Court expressed the view that the issues in the matters of the orders which directed the receiver to surrender the mortgaged property forthwith to the trustee and to sell the remaining property forthwith were of such importance that it was deemed necessary to employ additional counsel to assist Messrs. Brown & Belford in presenting the receiver's cases to the Circuit Court of Appeals, and accordingly the receiver was directed to retain Messrs. Dorsey & Cashman, who were familiar with the issues involved, and whose services were valuable and worth much more than the sum allowed, $2,500. That sum was allowed by order of court.

It appears that Messrs. Dorsey & Cashman were the attorneys of record for the Union Land & Cattle Company, defendant in the receivership action in the District Court, and also that they were attorneys for certain creditors. Mr. Smith, receiver for the cattle company, testified that he believed the corporation needed representation, and for that reason he had, in May, 1923, employed Messrs. Dorsey & Cashman; and it further appears that those gentlemen appeared in this court and filed briefs as attorneys in behalf of the cattle company and the receiver in the appeals already referred to. The records of this court also disclose that the controversies between the cattle company and certain creditors in Nevada (represented by Messrs. Dorsey & Cashman) and the intervening banks and the Old Colony Trust Company have been acrimonious and prolonged.

Reduced to brief form, the plaintiffs herein, including the intervening banks, have sought orders for immediate liquidation of all assets, while the receiver and the Nevada creditors have opposed such course, contend-ing that it would result in great loss to the estate. First Federal Trust Co. et al. v. Bank et al., supra; In re Old Colony Trust Co. et al. (C. C. A.) 2 F.(2d) 407. So conflicting have been the positions assumed by counsel for the cattle company and the receiver and certain creditors on the one side, and the Old Colony Trust Company and the interveners, banks, on the other, that we are constrained to hold it was an abuse of discretion for the District Court to authorize the employment of counsel of record for the cattle company and certain creditors to appear for and represent the receiver in litigation between the cattle company aligned with those creditors as against the Old Colony Trust Company and the banks, interveners.

There is no question of the professional integrity of Messrs. Dorsey & Cashman, and upon the hearing of their application for compensation as attorneys for the receiver, had in June, 1924, Mr. Dorsey said he made no claim for any service performed in any court or proceeding in the interests of the receiver as such, and that his claim was wholly for services in the interest of the cattle company, and that he withdrew his petition for compensation on account of services rendered to the receiver. But the record is that he and Mr. Cashman were awarded compensation by the District Court for services rendered to the receiver in the Circuit Court of Appeals in Nos. 4194, 4195, and 4196, in pursuance of the orders of the District Court made March 17th and 26th, respectively, and that as such counsel they have vigorously opposed the efforts of the present complainant and the seven banks, interveners, to obtain the speedy liquidation applied for.

We think that our decision may well rest upon the broad principle that, where there is property in the hands of a receiver and interests of creditors are seriously conflicting, a court of equity should not as a rule appoint as counsel for the receiver the same attorneys employed by creditors. There may be exceptional instances where the principle stated need not be applied, but it is very clear to us that in the present matter, owing to the hostility of interests, the court should not have made the order complained of.

The order appealed from is reversed.