**OLD COLONY TRUST CO. et al. v. UNION LAND & CATTLE CO. et al.**

(Circuit Court of Appeals, Ninth Circuit. March 23, 1925. Rehearing Denied April 9, 1925.)

No. 4410.

**Appeal and error ⊂═⊃1194(1)—Order approving purchase of land by cattle company's receiver held not authorized by judgment of Circuit Court of Appeals directing speedy liquidation.**

Order of District Court approving action of cattle company's receiver in purchasing 1,200 acres of land *held* not authorized by judgment of Circuit Court of Appeals directing speedy liquidation.

Appeal from the District Court of the United States for the District of Nevada; Edward S. Farrington, Judge.

Proceeding between the Old Colony Trust Company and others and the Union Land & Cattle Company, W. T. Smith, its receiver, and others. From an order approving purchase of land by receiver, the Old Colony Trust Company and others appeal. Reversed.

See, also, 2 F.(2d) 407.

McCutchen, Olney, Mannon & Greene, Warren Olney, Jr., J. M. Mannon, Jr., A. Crawford Greene, and John F. Cassell, all of San Francisco, Cal., and Thatcher & Woodburn and George B. Thatcher, all of Reno, Nev., for appellants.

S. W. Belford and Geo. S. Brown, both of Reno, Nev., and J. W. Dorsey and W. E. Cashman, both of San Francisco, Cal., for appellees.

Before ROSS, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge. This case is more or less related to appeal No. 4409, 4 F.(2d) 449. The Old Colony Trust Company and certain banks appeal from an order of the District Court in Nevada made August 4, 1924, in an action pending in that court wherein the First National Bank of San Francisco was plaintiff and the Union Land & Cattle Company was defendant. The order under review approved the action of Smith, receiver, in action B-11 in purchasing from one Lesher a tract of about 1,200 acres of land in Elko county, Nev., and paying therefor $10,000 and interest from the moneys of the cattle company in the hands of Smith as receiver. Appellants are seven Eastern banks who were appellants in 4409, decided this day. 4 F.(2d) 449. They are unsecured creditors of the cattle company in amounts aggregating $1,800,000, and are interveners in action No. B-11, with claims allowed as proper unsecured claims against the cattle company.

For a long time, since May, 1923, they have sought to bring about a sale and liquidation of the assets of the cattle company, to the end that their claims, as well as the claims of other unsecured creditors of the cattle company, might be satisfied so far as possible. When the District Court authorized the purchase and payment of the purchase price of the Lesher lands, the total holdings of the cattle company and its subsidiary comprised about 350,000 acres of land in Nevada and California, together with about 50,000 head of cattle and 50,000 head of sheep, together with ranch equipment adequate for carrying on the very large ranch business. When suit in No. B-11 was begun in 1920, the cattle company owed the First National Bank of San Francisco principal amounts aggregating $2,200,000; also approximately $650,000 to other creditors; also to creditors, spoken of as "Nevada creditors," about $500,000, and about $1,000,000 on a bond mortgage which was secured by deed of trust covering 224,000 acres of land in Nevada owned by the cattle company, and about two-thirds of the capital stock of the Antelope Land & Cattle Company, a subsidiary corporation. The company became insolvent, and on July 28, 1920, Smith was appointed receiver. Thereafter conflicts in interest became sources of controversy, and radical differences arose between the intervening banks and the plaintiff in this action on the one side, and the cattle company and certain creditors upon the other side.

The banks have pressed for speedy liquidation of the assets of the cattle company and ending of the receivership, while those representing the other interests have urged that, if the receivership were continued for a time, market conditions would probably improve and as a result advantages would accrue to all concerned. Some time in August, 1923, these present appellants, by petition in the District Court in action No. B-11, prayed for an order directing the receiver to sell the properties of the cattle company, and in October, 1923, the receiver petitioned the court for leave to invest $100,000 in additional live stock and for leave to borrow money therefor, and to issue receiver's certificates. Thereafter, in November, 1923, the District Court denied the order for liquidation and granted the authority to the receiver as prayed for. Upon appeal to

this court, the order of the District Court was modified; and the District Court was directed to proceed with liquidation.

In the related appeal this court reversed the order of the District Court with respect to further investment in live stock. First Federal Trust Co. et al. v. Bank et al., 297 F. 353. After our decisions in cases in Nos. 4194, 4195, and 4196, the receiver applied to the District Court for instructions, and set up that he had made a contract for the purchase of the Lesher tract for $10,000, with interest, and asked for authority to make a final payment of $4,241 therefor, which became due on June 21, 1924. After a hearing, the court affirmed the action of the receiver in making the purchase of the Lesher land, approved the payments which had been made on the purchase price, and authorized payment of $4,241 as the final sum due for the land.

It appears that the contract for the purchase of the Lesher lands was dated June 13, 1922, and was made between Lesher, as vendor, and one G. H. Callagan, as vendee, and by Callagan was assigned to Smith, receiver. The purchase price was payable, $1,000 on the date of the contract, $1,000 on or before December 1, 1922, $4,000 on or before June 21, 1923, and $4,000 on or before June 21, 1924. The first two payments appeared as items of rent in the receiver's accounts, there being no reference to the contract of sale until the receiver filed his account of July, 1923, when there appeared the item of $4,241.33, payment on account of the purchase price of the Lesher ranch. The receiver testified that the purchase was to protect the cattle company's range for its own cattle and sheep, and that the payments made in 1922 and 1923 as rent applied on the purchase price. He thought it a wise and expedient purchase. So did the District Court. When this last referred to account of the receiver came before the District Court in February, 1924, upon objection of the appellants herein, the District Court disallowed the item, on the ground that no formal application for authorization of the receiver to purchase the Lesher lands had been made. Thereafter, on May 26, 1924, a formal application was made by the receiver for the approval of the purchase of the Lesher lands, and the District Court made its order of approval on August 4, 1924.

The argument of the appellants is that the buying of the Lesher lands is in contravention of a policy of liquidation, and is therefore in violation of the mandate of this court in appeals 4195 and 4196, and also that such a purchase is a withdrawal of $10,000 from funds from which appellants herein and other unsecured creditors of the cattle company should be paid, and is the use of $10,000 in the purchase of property which becomes subject to the loan of the secured creditors under the mortgage, which by its terms covers only real estate in Nevada belonging to the cattle company and about two-thirds of the stock of the Antelope Land & Cattle Company. On the other hand, the cattle company and certain creditors argue that the contract for the purchase of the Lesher lands was made when the receiver was actively carrying on the property, and that by reason of the peculiar situation of the lands the purchase was a measure necessary for the protection of the ranches, and that the purchase price was reasonable, and unless the payment of $4,241 had been made in June, 1924, there would have been a loss to the receivership of the ranch itself and the $6,000 which had theretofore been paid, and that under the circumstances the District Court acted within the reasonable limits of its discretion.

In our decision in appeals 4194, 4195, and 4196, filed April 7, 1924, First Federal Trust Co. et al. v. Bank et al., 297 F. 353, it was distinctly held that, although nearly four years had gone by, during which the processes of the courts against the property of the cattle company had been stayed to enable it to "rehabilitate itself and refund or liquidate its indebtedness," nothing had been accomplished, and that sale of the property should be had on the best possible terms, with no further delay in the hope of changes in conditions or for speculative purposes. The limits of the decision, while not excluding the reasonable exercise of discretion with respect to how or when or upon what terms sale should be made, save that the receiver should be ordered to act with diligence and energy, to the end that the management of the property should pass from the custody of the court to that of the private parties where it belonged, nevertheless circumscribed the duty of the District Court, by confining it to the making of such orders as are compatible with the winding up and closing of the receivership. Holding consistently with that decision, we could not say that there was an abuse of discretion in the action of the District Court, when, in May, 1924, it refused to make an order directing immediate sale of all assets of the cattle company in the hands of the receiver. In re Old Colony Trust Co. (C. C. A.) 2 F.(2d) 407.

But the question here presented is wholly different, for we regard it as not involving the acquisition of property necessary or requisite to liquidation, nor appearing to be a step incidental to liquidation. For years before the receivership, the cattle company managed its business without buying the extensive acreage which the receiver would now add to its properties, and even though the purchase of the land might not be unwise from the general business standpoint of a concern to be kept going, nevertheless, where the imperative duty of the receiver of the insolvent corporation, as laid down by this court, is to adhere strictly to the policy of speedy liquidation, action in buying more land and paying for it out of money which should be applied toward payments to creditors entitled primarily thereto, is not merely at variance with the tenor of our decision, but well nigh in inexcusable disregard of its letter. Upon no ground can we find sound reason for sustaining the order approving the action of the receiver in purchasing the Lesher tract and paying $10,000 or any sum therefor out of the moneys of the cattle company.

We must therefore reverse the order appealed from, with costs to the receiver.